IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER, | |
| Plaintiff, | 8:23CV393 |
| vs. | |
| JULIE HOSKINS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1. Also before the Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 5, and Motion to Appoint Counsel, Filing No. 6. The Court concludes Plaintiff is eligible to proceed in forma pauperis. The Court is also required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff Susanne Becker brings this action under 42 U.S.C. § 1983 against Judge Julie Hoskins ("Defendant") of Weld County, Colorado. Filing No. 1 at 4. Plaintiff alleges she filed in court with her father for the estate of John W. Becker who died without a will. Filing No. 1 at 4. Plaintiff alleges she paid $250.00 to open the case. Filing No. 1 at 4. On August 28, 2023, Defendant dismissed Plaintiff from the cases and refused to refund Plaintiff's filing fee. Filing No. 1 at 4. Defendant also kept the case "open for two defendants one that came with a WILL," and the will named Plaintiff and her father heir to an estate worth over $1 million. Filing No. 1 at 4. Plaintiff seeks in excess of $2 million in damages. Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint, even construed liberally, does not state a claim for relief. First, judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (internal citations omitted). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11. Moreover, "a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 13 (internal

3

quotation omitted). Plaintiff makes no factual allegations to support a conclusion that the Defendant's actions were taken in the complete absence of authority. Rather, her allegations suggest Defendant acted on Plaintiff's claims in her judicial capacity. Accordingly, Plaintiff's claims against Defendant are subject to dismissal.

Second, the Complaint—even construed liberally—does not comply with the general rules of pleading. In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. *See Iqbal*, 556 U.S. at 678. Further, even though pro se complaints are construed liberally, they still must allege sufficient facts to support the claims asserted. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004). Plaintiff's allegations are predominantly legal conclusions about Defendant's alleged misuse of jurisdictional and venue laws and conclusory allegations that Defendant deprived Plaintiff of due process. However, the Complaint provides few facts to support these allegations. Plaintiff alleges no facts supporting an allegation that Defendant's actions were contrary to law. Plaintiff's conclusory allegations fall far short of giving notice of the grounds for her claim. Accordingly, Plaintiff's allegations are not entitled to an assumption of truth and the Complaint is subject to dismissal.

Additionally, the Court can identify no federal or state statutory or constitutional provision that would give rise to a plausible claim for relief against Defendant. Because Plaintiff's allegations are without a factual or legal basis, this action should be dismissed on initial review. *See Denton v. Hernandez,* 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris,* 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint

is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). Plaintiff will not be granted leave to amend her Complaint because such amendment would be futile. See *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile"); *Filipe v. FBI*, No. 8:18CV215, 2018 WL 11249338, at *1 (D. Neb. June 1, 2018) ("the court will dismiss this action as frivolous and with prejudice as the defects in the Complaint cannot be remedied through more specific pleading").

## IV.  MOTION TO APPOINT COUNSEL

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).  "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  Having carefully considered the record, the Court will not appoint counsel at this time.

## V. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against the named Defendant. Amendment would be futile because Plaintiff has not identified any law that would give rise to a plausible claim for relief against Defendant. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e), and the Court will dismiss this matter without prejudice and without leave to amend.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 5, is granted.

2. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

3. Judgment shall be entered by a separate document.

4. Plaintiff's Motion to Appoint Counsel, Filing No. 6, is denied.

Dated this 9th day of April, 2024.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge